## Doan vs. Hine's administrators.

*Costs* were refused againt *administrators* who had suffered a judgment by default, notwithstanding that the creditor had presented his claim within the prescribed period, made affidavit of the existence of the debt, and offered to refer, where it appeared that the administrators admitted their liability, but requested a suit to be brought against a co-maker of the note, the claim in question, for whom they alleged the intestate had become bound solely as *surety*, offering to pay any deficiency there might be after the prosecution of such suit.

The provision for a *reference* in these cases was made for the benefit of the *creditor*, as well as the *representatives* of the deceased.

Costs against administrators.    The plaintiff was the payee and owner of the joint and several promissory note for $500, made by *Jeremiah Hine,* the intestate, and by *Charles W. Hine.*    On the first day of May last, and within the time prescribed by the statute for presenting claims, 2 *R. S.* 88, § 34, the plaintiff served the administrators with a copy of the note, and his own affidavit of the amount justly due, § 35, and required payment.    He also tendered a stipulation to refer the matter in pursuance of the 36th section of the statute, if the administrators had any doubt concerning the justice of the claim.    Cole, the administrator to whom the papers were presented, said he wanted a few day's time to consult his counsel, which was granted.    He finally refused (as the plaintiff states,) to do any thing about the matter, and about one month after the papers were served, an action was brought against the administrators to recover the note, and judgment passed against them by default.    *Cole,* in his affidavit, stated that before the suit was commenced, he called on the plaintiff and informed him that the administrators had no reason to doubt that the note was given as the plaintiff alleged, and that the amount claimed was due and unpaid; but that the note was given for the

debt of *Charles W. Hine*—that the intestate had only sign-
ed as surety—that the principal was abundantly able to pay,
and insisted that the plaintiff ought to collect the money
from him.   That he requested the plaintiff to proceed
against Charles, and told him that the administrators would
hold themselves responsible for any balance which might not
be collected in that way.   Nothing further was heard from
the plaintiff until this suit was commenced, which was eight
or ten days afterwards.   The administrators had at the time
no assets in their hands from which the debt could have been
paid.

   *C. Stevens*, for the plaintiff, moved for costs against the
administrators.

   *A. Taber* opposed the motion, and cited *Swift* v. *Blair*,
12 *Wendell*, 278.   7 *id*. 522.

   *By the Court*, BRONSON, J.   If the defendants, after ta-
king a reasonable time for inquiry, had refused either to ac-
knowledge the justice of the claim, or to refer the matter in
pursuance of the statute, and had then suffered judgment by
default, the plaintiff would, I think, be entitled to costs.   The
provision for a reference was made for the benefit of the
creditor, as well as the representatives of the deceased, and
a refusal to refer is made one ground for awarding costs.
2 *R. S.* 90, § 41.   I do not say that the executor or admin-
istrator is bound to refer under all possible circumstances;
but as a general rule, he ought not to decline that mode of
testing the validity of a demand which he is not prepared
to admit.   There were evidently no special reasons in this
case for desiring a trial according to the course of the com-
mon law, for the defendants suffered judgment to pass
against them by default.
   Although the defendants at the time had no assets in their
hands for the payment of the debt, the plaintiff had a right
to know whether it would be paid in the due course of ad-
ministration, to the end that he might take the proper legal
measures for asserting his claim, if its justice was denied.

In *Swift* v. *Blair*, 12 *Wendell*, 278, the executrix refused to *arbitrate*—not to *refer*; and on that ground the motion for costs was denied. But according to the affidavit of Cole, one of the administrators, the validity of the claim was substantially admitted, and there was no occasion for either a reference or a suit against the administrators to establish the demand. As there were then no assets, the plaintiff was entitled to nothing more than a reasonable assurance, that the debt would be paid in the due course of administration. Besides : the suit seems to have been brought, before any answer had been given to the equitable proposition, that the plaintiff should first proceed against the principal debtor—the administrators holding themselves responsible for any balance that might not be collected in that way. There is some conflict in the affidavits ; but the plaintiff, at the most, has only made out a balanced case on the question of costs, and that is not enough.

Motion denied.